**UNITED STATES of America,**

v.

**Vernon Earl PARMELEE, aka Vernon Earl Parmalee, Appellant.**

No. 03–2774.

United States Court of Appeals, Third Circuit.

Argued May 25, 2004.

Decided Aug. 8, 2005.

Stacy A. Biancamano, (Argued), Office of Federal Public Defender, Newark, New Jersey, for Appellant.

Norman J. Gross, (Argued), Office of United States Attorney, Camden Federal Building & Courthouse, Camden, New Jersey, George S. Leone, Office of United States Attorney, Newark, New Jersey, for Appellee.

256

Before SCIRICA, Chief Judge, RENDELL and ALARCÓN,* Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Appellant Vernon Earl Parmelee was convicted by a jury of four counts of possession of child pornography using media that has traveled in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). He does not challenge his conviction.

Parmelee was sentenced to 140 months imprisonment. In sentencing Parmelee, the District Court applied U.S. Sentencing Guidelines Manual § 2G2.2, for persons convicted of possession of child pornography with the intent to traffic, rather than U.S.S.G. § 2G2.4, for simple possession of child pornography. This led to an increase in Parmelee's sentencing range from 41–51 months to 135–168 months. Parmelee contends the District Court erred in employing a preponderance of the evidence standard, instead of a clear and convincing test, in determining whether he intended to traffic in child pornography. He further asserts that the evidence was insufficient to demonstrate that he intended to distribute such material under either evidentiary standard. Finally, he maintains that the District Court impermissibly engaged in "double counting" by applying the increased base offense levels set forth in U.S.S.G. § 2G2.2 for persons who possess material involving the sexual exploitation of a minor with intent to traffic.

Parmelee also challenges his sentence under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with *Booker*.